IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD GUIDRY | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-00938-GPM-DGW |
| | ) |
| WARDEN ALLAN MARTIN, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### INTRODUCTION

Plaintiff, Ronald Guidry brought this action, pursuant to 42 U.S.C. § 1983, against Defendants for deprivations of Plaintiff's constitutional rights. Plaintiff was given leave to proceed *in forma pauperis*, and thus paid an initial partial filing fee instead of the Court's usual $350.00 filing fee. *See* 28 U.S.C. § 1914(a) At the time Plaintiff commenced this action, he was an inmate at Menard Correctional Center. There are now two pending motions before the Court. These two motions are a motion for partial summary judgment (Doc. 35) and a motion to dismiss (Doc. 41), each of which have been filed by all Defendants.

### FACTS

On August 24, 2011, the Defendants filed their motion for partial summary judgment and brief in support thereof (Docs. 35-36). Initially, Plaintiff's response to Defendants' motion for partial summary judgment was due on or before September 26, 2011. *See* SDIL-LR 7.1(c)(1) (30 days to respond to a motion for summary judgment); Fed. R. Civ. P. 6(a)(1)(C) (if the last day of the

deadline "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). On August 25, 2011, Magistrate Judge Donald Wilkerson entered an Order to Respond, directing Plaintiff to file any affidavits or other evidence with the Court no later than September 26, 2011 (Doc. 37). Since Plaintiff is *pro se*, Magistrate Judge Wilkerson's Order to Respond clearly articulated the legal standard for summary judgment and consequences of Plaintiff's failure to respond to such a motion (Doc. 37).

On September 21, 2011, Plaintiff filed a motion for extension of time to file a response to Defendants' motion for partial summary judgment (Doc. 38), which the Magistrate Judge granted (Doc. 39). Plaintiff's deadline to respond to Defendants' motion for partial summary judgment has long since elapsed. As of today's date, Plaintiff has yet to file a response.

On January 26, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's response to Defendants' motion to dismiss was due on or before March 1, 2012. *See* SDIL-LR 7.1(c)(1) (30 days to respond to a motion dismiss); Fed. R. Civ. P. 6(a)(1)(C) (if the last day of the deadline "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). As of today's date, the Plaintiff has, once again, failed to respond to Defendants' motion.

## ANALYSIS

The Court will first address Defendants' motion to dismiss since if granted, is dispositive of the entire case. Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication *on the merits*." *Id*. (emphasis added).

Pursuant to the Local Rules for the United States District Court for the Southern District of Illinois, a plaintiff proceeding *in forma pauperis* is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs." SDIL-LR 3.1(b) (emphasis in original).

In this case, Plaintiff has failed to comply with Magistrate Judge Donald Wilkerson's Order, and thus has failed to respond to Defendants' motion for partial summary judgment.  The Plaintiff has also failed to reply to  Defendants' motion to dismiss.  Plaintiff's failure to respond to these two motions indicates pattern of muteness.  Indeed, Plaintiff's pattern of muteness amounts to a failure to prosecute this lawsuit, as contemplated by Federal Rule of Civil Procedure 41(b) .

Moreover, Plaintiff has failed to comply with the Local Rules of this Court.  The Court has consulted the Illinois Department of Corrections website (www.idoc.state.il.us/) to verify whether Plaintiff is in compliance with Local Rule 3.1(b).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  According to the Illinois Department of Corrections website, Plaintiff was paroled from Menard Correctional Center on January 5, 2012.  As of this date, Plaintiff has failed to notify the Clerk of Court, in writing of Plaintiff's new address.

## CONCLUSION

Plaintiff has failed to comply with Local Rule 3.1(b) and with a Court Order.  Moreover, Plaintiff has displayed a pattern of muteness in failing to respond to two of Defendants' motions. Accordingly, Defendants' motion to dismiss (Doc. 41) is **GRANTED.**  Pursuant to Federal Rule of Civil Procedure 41(b), this action is **DISMISSED with prejudice**.  *See James v. McDonalds Corp.,*

417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.")(internal citations and quotations omitted).  Since the Court's ruling on Defendants' motion to dismiss is dispositive, Defendants' motion for partial summary judgment (Doc. 35) and the Magistrate Judge's report and recommendation on Defendants' motion for partial summary judgment (Doc. 42) are rendered **MOOT**.  Judgment will be entered accordingly and the Clerk of the Court is directed to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: March 14, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge